NO. 07-03-0152-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 28, 2003


______________________________



IN RE NATHAN FELDER,



 Relator

 _______________________________




ORIGINAL PROCEEDING FOR WRIT OF PROHIBITION


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Pending before the court is a motion for a writ of prohibition filed by Nathan Felder. 
The latter seeks an order "prohibiting Judge Bill Sheehan of the 69th District [C]ourt of
Dallum [sic] County from continuing prosecution of cause number 3539 until it is
determined whether said court has proper jurisdiction . . . to try Relator." The relator is
being tried for capital murder. Furthermore, the trial court purportedly lacks jurisdiction
over the proceeding because the indictment allegedly fails to charge Felder "with a violation
of an offense under Article 5 Section 12b, Tx. Const. as defined by Article 3 Section 29,
Tx. Const." We deny the motion.

 Texas Rule of Appellate Procedure 52.3(j)(1) requires the one seeking a writ of
prohibition to append to the request "a certified copy or sworn copy of . . . any . . .
document showing the matter complained of." There are at least two documents which fall
within the category described by Felder. The first is the indictment which purportedly failed
to charge an offense. The second is the pretrial petition for writ of habeas corpus which
he allegedly filed and awaits determination. According to the motion before us, it is that
petition for habeas relief which must first be considered and determined before the trial
court can continue with the criminal prosecution. Yet, neither document accompanied
Felder's request for a writ of prohibition. Thus, he not only has failed to provide us with
documentation necessary to assess his contentions but also failed to comply with Rule
52.3(j)(1).

 Accordingly, the request for a writ of prohibition is denied.


 Per Curiam




 Both also opined, before the jury, that appellant
was intoxicated. Furthermore, appellant does not complain on appeal about the admission
of that particular evidence. And, to it we add the evidence illustrating that appellant 1) had
a strong odor of alcohol on his breath, 2) slurred his speech, 3) had to lean on the car to
keep his balance, 4) staggered when he walked, and 5) admitted to drinking at least two
glasses of wine shortly before his arrest. So, given that Maynor's testimony was redundant
of that provided by Officer Robinson and the overwhelming amount of other evidence
indicative of appellant's intoxication, we conclude that the decision to admit Maynor's
testimony had no effect on any of his substantial rights. See Tex. R. App. P. 44.2(b)
(stating that error not of constitutional magnitude must affect a substantial right before it
can be the basis for reversal); Couchman v. State, 3 S.W.3d 155, 160-61 (Tex. App.--Fort
Worth 1999, pet. ref'd) (refusing to find harmful error when the evidence about which
appellant complained was cumulative of other, properly admitted, evidence on the same
subject); Gilcrease v. State, 32 S.W.3d 277, 279 (Tex. App.--San Antonio 2000, pet. ref'd)
(refusing to find harm when the evidence of guilt was overwhelming).

Issues Two and Three


 In his next, and last two issues, appellant contends that he was denied the effective
assistance of counsel. This allegedly occurred in two respects. First, counsel supposedly
acted improperly by failing to object when Officer Robinson allegedly testified that the
manner in which appellant performed the HGN test illustrated that his blood alcohol level
exceeded the legal limit. Second, counsel was allegedly deficient by failing to object to that
testimony of Officer Maynor which "aided in the inescapable conclusion that appellant's
[blood alcohol content] was at least above the legal limit based on the results of the HGN
test." We overrule the issues.

 Regarding the first act complained of, Officer Robinson did not testify as suggested
by appellant. Admittedly, the officer did state that "through the results of the HGN, I can
tell you what the person's alcohol level would be . . . ." Yet, trial counsel immediately
objected to his doing that. At that point, the witness said 1) "I'm not going to say it," though
he believed he "could have" and 2) "that would tell me that he would be a - - if he was
above or below the legal limit." (Emphasis added). Nonetheless, the officer never
proffered an opinion about what appellant's blood alcohol content was based upon
appellant's performance on the HGN test. And, given that the witness never so testified,
trial counsel cannot be held deficient by failing to object to evidence that was never offered.

 Regarding the second instance of purported deficiency, appellant again
mischaracterizes the record. Maynor did not testify that a suspect's performance of the
HGN test in a certain manner illustrates that the suspect has a particular blood alcohol
level. He simply stated that 1) to be certified by the State to perform HGN tests, an officer
must administer 35 such tests, the results of which must be confirmed by subsequent
"breathalyzer test[s]" and 2) "[i]n other words, if I test a person I believed was intoxicated,
I would have to have a breathalyzer test to back that up on my certification that we send
off to the State to be certified." As can be readily seen, Maynor was merely describing the
steps required in obtaining one's certification. He was not purporting to suggest that one's
performing an HGN test in a certain way means that he has a blood alcohol content
exceeding the legal limit. Nor may either of his comments be rationally construed as
indicating as much. At best, the comments may be interpreted as illustrating that 1) breath
analysis must confirm one's opinion about another's intoxication garnered through
application of the HGN test before one can be certified to administer the HGN test and 2)
breath analysis may or may not confirm that opinion. So, because the testimony at issue
was not of the ilk described by appellant, we refuse to hold trial counsel deficient for failing
to object to evidence never offered. 

 Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice


Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003).